WILLINGHAM & DUNN, plaintiffs in error, *vs.* WILLIAM T. MAYNARD *et al.*, defendants in error.

1. The title to land set apart as a homestead is for the use and benefit of the family, and is in the nature of a trust estate, the mere legal title being in the head of the family as trustee or agent. If, therefore, it be sought to subject such property to the payment of a debt for material furnished for the improvement of the homestead, the pleadings must show the grounds of the claim, and how the estate is lia-

blc, and the names of the *cestui qui trust,* as in other common law suits against trust estates, under section 3377 *et seq.* of the Code.

2. If the equitable title to the land never passed out of the defendant in *fi. fa.* to the family by virtue of the homestead proceedings, on account of irregularity, then, as the plaintiffs had no lien thereon, and claimants were *bona fide* purchasers for value without notice even of the debt of plaintiffs, and bought before judgment, it is clear that claimants bought a good title from defendant in *fi. fa.* as against plaintiffs' claim; and if the title did pass as a homestead to the family, or for their use and benefit, then, as the pleadings do not conform to the statutes in regard to trust estates, it is equally clear that the land is not subject.

Claim. Title. Homestead. Trusts. Before Judge HALL. Monroe County. February Term, 1877.

Reported in the opinion.

CABANISS & TURNER ; R. L. BERNER, for plaintiffs in error.

STONE & TURNER, for defendants.

JACKSON, Judge.

This claim was tried before Judge Hall on the following agreed state of facts :

In 1869, George H. Clower, of the county of Monroe, had a homestead set apart by the ordinary of said county, out of the property levied on. The petition fails to show that he was a resident of Monroe county, nor does he set out that he was the head of a family, but at the bottom of the petition appears the following entry : " Schedule of personal property claimed to be exempt from his debts, for the use and benefit of George H. Clower and his family." The ordinary approved said homestead on the 1st day of February, 1869. On the 2d day of December, 1872, Willingham & Dunn, lumber merchants and material men, sold lumber to said Clower, to be used in the improvement of said homestead, taking his note therefor, but did not record their lien. In 1873, said Clower sold said property to Wm. L. Lampkin,

making him a warranty deed thereto, with the consent of the wife and approval of the ordinary, and left the state. In 1875, Lampkin sold to the claimants. In 1876, the plaintiffs sued out their attachment against Clower, returnable to the February term, 1876, of Monroe superior court, and the sheriff levied the same on said property, and the claimants claimed it; they were *bona fide* purchasers, without notice of Willingham & Dunn's debt.

The above was the agreed state of facts. The judge held the property not subject, and the plaintiffs moved for a new trial, which was not granted, and they excepted.

In addition to the facts agreed upon, it appears from the record that the judgment rendered on the attachment was against Clower individually, the attachment was sued out against him individually, the declaration in attachment was against him in the same way, and nothing appears of record in any of the pleadings going to show that this was a debt against the homestead, and that the homestead estate, which is in the nature of a trust estate, was put in litigation by any of the attachment proceedings.

1, 2. We are clear that if the claimants got no title from Clower, and the title still remained where the homestead proceedings put it, it remained not in Clower, but in him as agent or trustee for his family. The homestead estate is "for *the sole use and benefit*" of the family. It is in the nature of a trust estate—a man could not have it set apart unless he was the head of a family—and the true, real, equitable owners thereof are not the head, but the family of the household. The constitution is clear upon this point. Code, 5135.

It follows, that before, a homestead can be made subject to pay a debt within the character of claims for which it is subject by the exceptions of the constitution, the suit must be brought as against any other trust property, and the declaration and pleadings must so set it out: that is to say, the pleadings must show the grounds of the claim, and how and in what manner the trust property is liable to the debt, and

the names of the trustee and *cestui qui trust.* Code, §3377, *et seq.* It will be observed that this debt was contracted, according to the agreed facts, after the homestead was set apart, and, therefore, it was a debt against the property, if the material was actually used thereon, *as homestead property;* and the only chance to subject it to the debt is to plead and show by declaration and proof that fact. This is the law, if the homestead were set out regularly and legally; and it is showed by the record that it has never been declared against as such in the pleadings in attachment, or any part thereof; if set out irregularly and so as to vitiate the homestead title, then Clower had the right to sell, and did sell, a good title to the claimants' vendor; for he had the title, if it did not pass into his family by the homestead proceedings, and as Willingham & Dunn do not pretend to have any lien on the land, Clower sold to the innocent purchaser for value, without notice, altogether free from any claim for the debt.

So that, in either event, the land is not subject; and the judgment must be affirmed. Besides, it does not appear that the material furnished actually was used on the homestead; the proof is that it was to be so used, but whether it was actually put in the homestead the agreed facts do not disclose. So that, in any view of the case, the judgment seems right.

Judgment affirmed.