## JOLLY *vs.* LOFTON.

Pending the existence of a homestead, the reversionary interest of the person from whose property it was set apart, is not subject to levy and sale.

Homestead. Levy and sale. Estates. Before Judge CRISP. Macon Superior Court. May Term, 1878.

Reported in the decision.

W. S. WALLACE, for plaintiff in error, cited as follows: On the nature of the homestead, statutes of Iowa, 366 ; Kansas, 473 ; Wyoming, 372; 14 Wallace, 363 ; Code, §2002 ; acts 1876, p. 49. No sale without ability to seize, Freeman on Ex., 121.

F. T. SNEED ; S. HALL, for defendant, cited as follows : Future or contingent interest subject to levy ; also land under incumbrance, Code §2625 ; 6 *Ga.*, 452. Is homestead

more than an incumbrance? Code, §2045; 40 *Ga.*, 393, 297; 56 *Ib.*, 359; 42 *Ib.*, 453; 54 *Ib.*, 549. Whether incumbrance or estate, immaterial to creditor, 14 Wall., 463: 3 Southern L. Rev., 359; 2 Tenn. Ch., 606.

WARNER, Chief Justice.

This case came before the court below on an agreed statement of facts, which was substantially as follows: "that Lofton obtained judgment against Jolly in Macon superior court, at the December term, 1874, upon a debt contracted in November 1872; that in 1875 Jolly applied for, and had set apart, a homestead on lots of land numbers 153 and 154, as the head of a family, having a wife and three children, and there is no reason why they may not ‚have other children; that an execution issued on the aforesaid judgment which was levied on the reversionary interest in the homestead property, as the property of Jolly, the defendant; that Mrs. Jolly, for herself and children, interposed a claim thereto, and the question submitted for the decision of the court is, whether the defendant's reversionary interest in the homestead property is *now* subject to levy and sale." The court decided that the defendant's reversionary interest in the homestead property was subject, whereupon the claimant excepted.

By the constitution of 1868, no court or ministerial officer in this state shall ever have jurisdiction or authority to enforce any judgment, decree, or execution, against the homestead property set apart, including such improvements as may be made thereon from time to time, except for taxes, etc. The homestead is set apart for the use of the debtor's family as contemplated by the constitution, and so long as that homestead right continues to exist, no court, or ministerial officer of this state, has any jurisdiction or authority to enforce any judgment, decree, or execution, against the homestead property, which necessarily includes every interest therein, reversionary or otherwise, but when all the beneficiaries of the homestead property cease to exist, then,

and not until then, can the reversionary interest of the defendant in execution be levied on and sold, for the simple reason, that the constitution of the' state prohibits it from being done. *Heard vs. Downing et al.*, 47 *Ga.*, 629. *Moughon vs. Masterson*, 59 *Ga.*, 836. The court, therefore, erred in deciding that any ministerial officer in this state had jurisdiction or authority to enforce the execution in the record mentioned against the reversionary interest of the defendant in that execution, on the statement of facts contained in the record.

Let the judgment of the court below be reversed.