SHEALY, guardian, *vs.* TOOLE; SHEALY *vs.* TOOLE *et al.*

1. Where land had been levied on as the property of the defendant, under a *fi. fa.* for a balance of purchase money due therefor, and had been claimed by the defendant as guardian of a minor, an equitable plea to the effect that he had wrongfully used money belonging to his ward in paying part of the purchase money for the land which had been bought by him individually, which fact was known to the plaintiff; that the plaintiff is insolvent, and that the ward is equitably entitled to have the land, or that it be sold and the ward repaid the amount of his funds which was used in the purchase, with a prayer that the sale of the land be enjoined until a proper decree can be rendered, was demurrable, especially as there was no offer to pay the balance due.

2. The amendment making a *prochein ami* for the ward the party claimant instead of the guardian, was properly disallowed, as it sought to introduce a new and distinct party.

Claim. Pleading. Parties. Guardian and ward. Equity. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1878.

A *fi. fa.* in favor of Toole against Shealy was levied on certain land, which Shealy claimed as guardian of Susan V. Shealy. He filed the equitable plea set out in the decision, which the court struck. It was then proposed to make the minor, by Elbert A. Shealy as next friend, the party claimant in lieu of the original claimant, and thus assert her

equitable rights. This the court refused to allow. The jury found the property subject. Claimant excepted, and assigned error on the above rulings.

JNO. R. WORRILL, for plaintiff in error.

ALLEN FORT; HAWKINS & HAWKINS, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury found the property subject to the *fi. fa.* levied thereon.

1. The main ground of error insisted on here, which this court can consider in the state of the record before us, is whether the court erred in sustaining the demurrer to the claimant's equitable plea filed in the case, the substance of which is, that the claimant purchased a tract of land from the plaintiff in *fi. fa.*, and that the plaintiff has obtained a judgment against him for the balance of the purchase money due therefor, and had the land levied on to satisfy the same; that he, the claimant, took $1,070.00 of his ward's money and paid it to the plaintiff in part payment of his own debt for the land, and that the plaintiff knew that it was his ward's money when he received it in part payment of the claimant's individual debt for the land; that the plaintiff is insolvent, and that his ward is equitably entitled to have the land, or that it be sold and his ward be paid the $1,070.00 out of the proceeds thereof, with a prayer that the court enjoin the sale of the land as his property, under the *fi. fa.* issued against him for his individual debt, until a proper decree can be had in the case. There was no error in sustaining the demurrer to the claimant's equitable plea, inasmuch as he seeks to prevent the sale of his own land by interposing a claim therefor as guardian for his ward, who had no title to the land, on the ground that he had committed a breach of trust as such guardian, by appropriating $1,070.00 of his ward's money in his hands to the payment of his individual debt due to Toole, in part

payment for the land claimed, without offering to pay the balance of the purchase money due therefor, for which the judgment was obtained now being enforced against it.

2. There was no error in the refusal of the court to allow the claim case to be amended by making Susan V. Shealy, by her next friend, Elbert A. Shealy, a party claimant in lieu of Martin L. Shealy, in accordance with his petition for that purpose. Code, §3480.

Let the judgment of the court below be affirmed.