## McWilliams *et al. vs.* Anderson.

1. Trespass against an officer for wrongful levy on homestead property may be maintained by the wife or family of the debtor without making the debtor himself a party plaintiff.
2. When such action is brought by the wife and children of the debtor, an amendment making him a party plaintiff, either individually or as a *prochein ami*, should not be allowed. Such an amendment would introduce a new and distinct party, in a case not provided for by law.

Practice in Superior Court. Amendments. Homestead. Before Judge HARRIS. Coweta Superior Court. September Term, 1881.

. Reported in the decision.

R. S. Burch; J. W. Powell; W. A. Turner, for plaintiffs in error.

J. B. S. Davis; J. S. Bigby, for defendant.

Crawford, Justice.

This suit was brought under section 2027 of the Code, by Incy McWilliams and her minor children, against the defendant, as sheriff, for trespass in levying upon the homestead set apart to Andrew J. McWilliams, the husband and father of the plaintiffs.

The defendant demurred to the declaration on the ground that the said Andrew J. McWilliams was not, but should have been, a party to the suit ; the demurrer was sustained, and plaintiffs counsel then moved to amend by making said McWilliams a part, which motion was refused by the court, and to both rulings the plaintiffs, by . counsel, excepted.

The plaintiffs counsel thereupon moved the appointment of the said McWilliams as *prochein ami* for the minors to conduct the suit for their use, which motion was

granted by the court. Whereupon defendant's counsel demurred to plaintiffs' declaration as amended, which said demurrer was sustained by the court, and the case dismissed. To this last ruling plaintiffs also excepted.

Where any officer knowingly levies on property, which has been set apart as a homestead, except upon the affidavit of the plaintiff, his agent, or attorney, that the debt on which such execution is founded, is one from which the homestead is not exempt, he is guilty of trespass, and for which trespass the wife or family or the debtor may recover for their exclusive use. Code, §2027.

We think that, under this authority, it is clear that the right of action existed in the plaintiffs in this case, and that the judge erred in sustaining the demurrer to the declaration, on the ground that Andrew J. McWilliams was not made a party. On the motion to amend by making him a party, we the think that the judge ruled correctly.

Amendments, under our practice, are most liberally allowed, but they do not go to the extent of allowing a new and distinct party to be made in a common law suit, except in cases where it is expressly provided by law. This is not such a case; and it was error in the court to have allowed the said party made, although he was only the *prochein ami* of the minors. 64 *Ga.*, 519; 65 *Ib.*, 464; 61 *Ib.*, 161; 63 *Ib.*, 679; Code, §3480.

The amendment having been allowed, the declaration as amended was demurred to, the demurrer sustained, and the case dismissed, which ruling of the court is assigned as error.

That it was illegal to have made this new party to the suit, we have already held; so long, therefore, as an illegal amendment stands, the declaration is demurrable, and to dismiss the suit was correct; but holding, as we do, that the right of action is maintainable by the original plaintiffs, there was no necessity for any other party, and all rulings to the contrary were error.

Judgment reversed.