GRESHAM *vs.* JOHNSON *et al.*

70   63?
91   750
70   631
d109 208

[This case was argued at the last term, and the decision reserved.]

1. The setting apart of a homestead or the allowance of an exemption, under §2040 of the Code, does not alter or change the title to property exempted; it merely sets apart such property for a particular specified use, and to that extent imposes a charge or encumbrance upon the estate.   When, however, the family is broken up, either by the death of the dependent members, or by the sons' reaching their majority (in case they are otherwise *sui juris*), the property becomes disencumbered, and is liable for the debts of the owner of the legal title.   The use is then fully executed, and is at an end.

(*a.*) If females are members of a family for whose benefit the homestead is set apart, the property remains exempt from levy and sale so long as one of them lives and remains single.

February 13, 1883.

Homestead.   Title.   Before Judge POTTLE.   Oglethorpe Superior Court.   April Term, 1882.

Reported in the decision.

JOHN C. REED; HAMILTON McWHORTER, for plaintiff in error.

SAMUEL LUMPKIN, for defendants.

HALL, Justice.

An execution, issuing from a judgment against B. A.

Gresham, as principal, and against Johnson *et al.*, as his
securities, was paid off by the securities, and levied, for
their reimbursement, upon the land in question. This
land had been exempted prior to this levy, for the bene-
fit of the said Gresham and his then minor son, under
section 2040 of the Code of 1873. When this exemption
was made, the family of the applicant consisted only of
himself and one minor son, then under the age of sixteen
years. At the date of the levy, the applicant and de-
fendant in the execution, B. A. Gresham, was dead, and the
minor son, William P. Gresham, had attained his majority.
He interposed a claim to the property, contending that the
title, by virtue of the exemption, vested in him. On this
state of facts, the case was submitted to the presiding judge
without the intervention of a jury, for decision. After argu
ment and consideration, the property was found subject to
the execution, and the levy was ordered to proceed. Ex-
ception was taken to this judgment, and the only question
made for our consideration is, whether the exemption
under this section of the Code vested the title in the claim-
ant, it being admitted that the family was broken up by
the death of its head, and by the son, the only other member,
attaining his majority.

1. Our view of this case is that the setting apart of a
homestead, or the allowance of an exemption, does not alter
or change, or in any manner affect the title to the prop-
erty exempted; it simply sets it apart to a particular,
specified use, and to that extent imposes a charge, or in-
cumbrance upon the estate; and when the family is broken
up, either by the death of its dependent members, or by
the sons' reaching their majority, in case they are other-
wise *sui juris*, the property becomes disencumbered, and
is liable to the debts of the owner of the legal title; the
use is then fully executed and is at an end. 59 *Ga.*, 330;
61 *Ga.*, 154. We do not mean to hold that, if females
composed a part of the family, they would be deprived
of the benefits of the homestead, whether they had at-

tained their majority or not, or that it is at all indispensable that they should be the daughters of the head of the household; in their case, nothing more is required than that they were of the family for whose benefit the exemption was made; the charge continues and the property is exempt from levy and sale, so long as one of them lives and remains single.

This, we think, is the result of the decisions heretofore made by this court upon this subject; they have never gone further, and we shall not extend them so far as to divest the title of the owner and vest it in the beneficiaries. The law does not do this in terms, and we cannot, by a loose interpretation, give it such an effect. See upon this subject the case of *Hall vs. Mathews et al.*, determined at February term, 1882, of this court, and not yet published, and the cases there cited.* Wherever the title to the homestead is referred to as belonging to the beneficiaries, in any of the foregoing decisions, or in any of the cases which they cite, it will be evident that the word is not used in its literal and legal, but in a qualified or loose, sense as synonymous with interest.

Judgment affirmed.