RUTLEDGE *et al. vs.* McFARLAND.

CLAIM, FROM WALKER.  Homestead.  Title.  Levy and Sale.  Mortgage.  Debtor and Creditor.  Res adjudicata.  (Before Judge Branham.)

Hall, J.—1.  In Gresham *vs.* Johnson *et al*, 70 Ga., 631, this court held that an exemption made to one as the head of a family under §2040 of the Code, did not alter, change, or in any manner affect the debtor's title to the property so exempted, but devoted it to a special use, and to that extent imposed a charge or incumbrance upon the estate; and when the family was broken up, either by death of the dependent members or by the sons attaining their majority, in case they were otherwise *sui juris*, or the marriage of the daughters or death of the wife, the property thereby became disencumbered and was liable to the debts of the owner of the legal title; that the use was then fully executed, and was at an end.  This ruling is now affirmed.  Code 1863, part 2, title 3, chapter 2, art. 4, sec. 3, §2021 ; 70 Ga., 680.

2.  Prior to the setting apart of property as an exemption to the debtor, there was nothing to prevent him from alienating or mortgaging it, nor did the exemption prevent forclosure of a prior mortgage, but the property set apart could not be seized or sold by the execution issuing from the judgment of foreclosure, so long as the exemption continued.  When it terminated, the process could be enforced.

3.  The decree claimed to be conclusive and binding between the parties in this case decrees to the members of the debtor's family fifty acres of land, to the extent to which it was set apart to him in his life time, and enjoins interference with the possession thereof under and by virtue of any right or title acquired under and by reason of the sheriff's sale under the mortgage *fi fa.* as set out in complainant's bill.  The mortgage, judgment and execution were decreed to be valid, as likewise was the sale of the remainder of the premises under the same, and the title thereto was confirmed.  It did not, however, touch the question of

the party in whom the title to the property vests upon the termination of the use for which it was exempted, nor does it restrain the execution of the process when the encumbrance created by the exemption is removed.

> W. H. Payne ; I. E. Shumate, for plaintiff in error.
> F. W. Copeland ; Harrison & Peeples, for defendant.