HOLLAND *vs.* WITHERS.

[This case was argued at the last term, and the decision reserved.]

Although the head of a family has previously had an exemption by the bankrupt court up to the full value permitted by the constitution of 1868, he can nevertheless have a homestead and exemption of personalty set apart for his family by virtue of the constitution of 1877.

(*a.*) Exemptions in bankruptcy and under state laws contrasted.

March 9, 1886.

Bankruptcy. Homestead. Before Judge HAMMOND. Fulton Superior Court. March Term, 1885.

On December 30, 1884, W. S. Withers applied to the ordinary of Fulton county for an exemption of personalty. Holland and other creditors filed objections, on the ground, among others, that in 1874 Withers had been adjudged a bankrupt; that his assignee had set apart to him $1,000 in personalty and $2,000 in realty; and that he was not now entitled to another exemption. (The amount set apart by the assignee was that allowed by the constitution of 1868; the present application was for the amount allowed by the constitution of 1877.) On demurrer, the ordinary struck the objections filed. The objectors appealed to the superior court, where the case was submitted to the presiding

judge without a jury. He sustained the ruling of the ordinary, struck the objections and allowed the exemption. Holland excepted.

MILLEDGE & SMITH; REED & REINHARDT, for plaintiff in error.

B. F. ABBOTT; L. J. WINN, for defendant.

JACKSON, Chief Justice.

One question, and one of much practical importance, is presented by this writ of error.

Where the head of a family has had an exemption by the bankrupt court up to the full value permitted by the constitution of 1868, can he have homestead and exemption of personalty set apart for his family by virtue of the constitution of 1877?

The exemption allowed by the bankrupt court is only an exemption for debts antecedent to that exemption; the homestead and exemption set apart under the state law releases the head of the family from both antecedent and subsequent debts made by the head of the family, unless the debt be connected with the homestead and exempted personalty, as provided by the constitution and laws in pursuance thereof. The exemption in the bankrupt court leaves the debtor possessed of the property and entitled thereto just as he was prior to the discharge in bankruptcy, except that it cannot be subjected to prior debts provable in that court; whereas the setting apart of the homestead and exemption by the process of the state law vests the title in the head of the family only as long as the family lasts, and for their benefit. The bankrupt exemption leaves the fee in the bankrupt; that by state law vests an estate for years in the head of the family for the use of the family, contingent on the family's duration. The first vests or leaves absolute title in the bankrupt himself; the second gives a limited title to him in trust for the family. In the first

case, he is the only grantee; in the second, he takes nothing except through his family, and the real title is in them; they only are the equitable grantees. He could, if he chose, sell or waste the bankrupt exemption; he could mortgage it or cover it with all manner of liens. He may have done so in this case; if so, shall his wife and children have no home and nothing to live upon? He may have contracted new debts since the bankrupt exemption; shall those debts deprive his family of a home, while all others contracting and owing debts at the same time may save a home for their families? We are clear that the entire spirit and beneficent design of the constitution of the state to preserve homes for families would be defeated if such a construction were given to it in respect to this class of families.

A single thought, however, stated above settles the question. The titles are different in the two cases. One gives nothing to the family; the other everything granted.

The following citations will show that the above views are fully shown to be law by the adjudications of this court: 59 *Ga.*, 330; 67 *Id.*, 368; 70 *Id.*, 484; 72 *Id.*, 713.

Judgment affirmed.