DANIEL, trustee, *vs.* BUSH *et al.*

1. Where the head of a family, as trustee, brought an action of trover to recover certain crops made on rented land by the use of property which had been set apart as an exemption, and recovered a money verdict and judgment, and placed the execution issued thereon in the hands of the sheriff, who collected the amount thereof, a defendant in the trover suit, who had paid off an execution in favor of third parties against the head of the family as an individual and such defendant as security, based on a judgment for guano used in making the crops, could not have the individual judgment set off against the judgment in favor of the head of the family as trustee, and claim the fund in court thereon.

(a) Although the execution thus sought to be set off may have been based on a debt for guano furnished, yet there was no suit against the head of the family as such to subject the property set apart to him, nor was there any judgment against him as the head of a family, or as trustee, or subjecting the exempted property to the debt, but only a judgment against him as an individual.

2. There were no pleadings in the court below making the defendant, who sought to set off the judgment held by him, a party to the rule brought by the head of the family against the sheriff, nor were there any pleadings filed, either by him or by the sheriff, setting up any right of his, or showing any reason for any equity in him to have his judgment against the individual set off against the judgment of the same person as trustee. It was, therefore, error to admit his testimony to the effect that he, as security, had paid

off the execution based on the guano debt and owned it; and that the debt was for guano used in making the crops involved in the trover suit.

November 10, 1887.

Money rule. Executions. Set-off. Homestead. Evidence. Pleadings. Before Judge HINES. Washington superior court. March term, 1887.

In connection with the decision, the following grounds of the motion for a new trial are added, to complete the report of the case:

(3) The court erred in admitting the testimony of W. J. Bush, that he was the sole owner of the *fi. fa.* in favor of Ramspeck & Green against Isham Daniel, principal, and W. J. Bush, security; that as security, he had paid defendant and had it transferred to himself; that J. C. Harman sold him the guano for Isham Daniel and it was used by Daniel on Bush's wife's land, to produce the corn, etc. sued for in trover.

(4) The court erred in admitting in evidence the *fi. fa.* in favor of Ramspeck & Green *vs.* Daniel and Bush; because it was against Daniel individually, and could not contend for money brought into court by the *fi. fa.* in favor of Daniel, trustee; because the Ramspeck & Green *fi. fa.* had not been sued on, under §§3377–8 of the code; because the debts in execution were not mutual and could not be set off against each other; and because Bush had not been made a party to the rule, and there were no pleadings upon which to admit the *fi. fa.*

J. A. ROBSON, for plaintiff in error.

EVANS & EVANS and J. W. ROBISON, for defendant.

SIMMONS, Justice.

It appears, from the record in this case, that Isham Daniel, trustee, placed an execution in the hands of C. A.

Wall, sheriff of Washington county, against W. J. Bush and Alexander Bridges, security. Wall, the sheriff, collected the money, and refused to pay it over to the plaintiff in *fi. fa.* or his attorney; whereupon the plaintiff obtained a rule against the sheriff, calling upon him to show cause why he should not pay said money to him. The sheriff answered that he had collected the money on the execution, and after he had collected it, W. J. Bush, one of the defendants in *fi. fa.*, had placed in his hands another *fi. fa.* in favor of Ramspeck & Green against Isham Daniel and W. J. Bush, security. The latter *fi. fa.* having been paid by Bush as security and transferred to him, said Bush demanded it should be set off against the judgment on which the money was raised. He asked the instruction of the court as to whom he should pay the money. The sheriff's answer was traversed by Daniel, trustee, and an issue formed. On the trial of the issue, under the charge of the court, the jury found in favor of Bush; that is, that the *fi. fa.* in favor of Bush, security, against himself, and Daniel as an individual, should be paid by the money then in court, raised under the *fi. fa.* in favor of Daniel, trustee, against Bush and Bridges. A motion was made for a new trial, upon the several grounds set out therein, which was overruled by the court, and the plaintiff excepted, and assigns the same as error.

The main ground insisted on before us is the 7th, which is as follows: " 7. Because the court erred in charging the jury as follows: 'If you find that Isham Daniel bought guano of Ramspeck & Green, and it was used in making his crops for 1883, then such crops would be subject to this guano debt, for it is a debt in the nature of purchase money. If you further find that these crops, or any part of them, were converted by W. J. Bush, and that Isham Daniel brought his action of trover and recovered the value of these crops so converted by Bush, then the money so recovered for these crops, or any part of them, stands in the place of the crops, and this money would be likewise

subject to the Ramspeck & Green executions.  The fact
that Isham Daniel used homestead property in conjunction
with this guano in making these crops on the land he
rented from Mr. Bush, would not render the crops, or the
money recovered for them not subject to Ramspeck &
Green's debt, as the proceeds of homestead property.'  Said
charge is contrary to the evidence, and contrary to law,
and otherwise illegal."

We think the exception to this charge is well-taken,
The *fi. fa.* which brought the money into court was in the
name of Isham Daniel, trustee, founded upon a judgment
he had obtained against Bush and Bridges for the conver-
sion of the trust property, or homestead property, not as
an individual, but as the head of the family, who repre-
sented the homestead estate.  The *fi. fa.* which Bush
placed in the hands of the sheriff was against Isham Daniel
as an individual; and while it may have been for guano
used by Isham Daniel, there was no suit against him as
head of the family, to subject the property set apart to
him, as required in the case of *Willingham & Dunn vs.
Maynard,* 59 *Ga.* 330.  But the suit on which the judg-
ment was founded was against him as an individual, and
the judgment was entered up against him as an individual,
and not as the head of a family, or trustee.  Nor was there
any judgment of the court subjecting the homestead prop-
erty to the debt made for guano.  The judgment, there-
fore, in favor of Daniel, trustee, against Bush and Bridges,
and that of Ramspeck & Green against Daniel and Bush,
were not mutual, and the one could not be set off against
the other; and it was therefore error in the court to charge
as set out in the 7th ground of the motion.  The record
discloses the fact that there were no pleadings in the court
below. making Bush a party to the rule against the sheriff
nor were there any pleadings put in by Bush or the sheriff,
setting up any right of Bush, or showing any reason or any
equity in him to have his judgment against Daniel, as an
individual, set off against the judgment in favor of Daniel;

trustee. It was therefore error to allow the testimony of Bush to go to the jury, as complained of in the third ground of the motion.

Judgment reversed.