## JEMISON v. ANDERSON, administrator.

GEORGE, J. On December 24, 1907, O. L. Jemison went into possession of a tract of land under a deed executed by Closse Smith as agent for Ella S. Trippe. The deed was not recorded. On August 31, 1909, O. L. Jemison had this land set apart to himself as the head of a family. Lizzie Jemison, his wife, was the sole beneficiary therein. On September 29, 1910, H. L. Ferguson made affidavit that Ella Trippe was the owner of the land, and that O. L. Jemison was her tenant, who had defaulted in the payment of rents; and asked that a warrant to dispossess Jemison issue. The warrant issued, and was placed in the hands of J. H. Harris, constable. O. L. Jemison filed against Ferguson and Harris a suit in equity to enjoin the execution of the dispossessory warrant. In this suit he asserted title to the land, and denied that he was the tenant of Ella Trippe. Ferguson answered that he was merely the agent of Ella Trippe. Harris answered that he was merely acting in his official capacity in executing the writ. Pending the suit Ella Trippe died, and George D. Anderson was appointed as her administrator. On September 21, 1915, Anderson as administrator petitioned the court to be made a party to the suit filed by O. L. Jemison, and alleged that he as administrator of Ella Trippe was the owner of the land involved. He prayed, that he be allowed to defend the suit and set up such right as his intestate had, and as he as her administrator had, to the premises, that he as administrator of the estate of Ella Trippe be allowed to proceed with the dispossessory warrant, and that he have "such other and further relief as may be right and just." A copy of the administrator's application and of the order of the court was served upon O. L. Jemison by leaving it at his most notorious place of abode; and the administrator was made a party to the suit, as prayed. No exception was taken by O. L. Jemison. On January 10, 1916, the jury, on the trial of the cause, returned a verdict in favor of George D. Anderson, administrator, and against O. L. Jemison, finding the premises in dispute in favor of the said Anderson, administrator of Ella Trippe, "and for all the relief prayed." On this verdict a decree was entered, adjudicating that the title to the premises involved was in Ella Trippe at the time the dispossessory warrant was instituted; that O. L. Jemison had no title to the premises either at that time or at the time of the verdict and decree; that O. L. Jemison was tenant of Ella Trippe and of her personal representative, George D. Anderson; that her administrator was entitled to the possession of the premises described in the proceeding, and entitled to dispossess O. L. Jemison therefrom; and a writ of possession was ordered to issue in favor of Anderson as administrator. To this verdict and decree no exception was taken. On June 20, 1916, Lizzie Jemison, the wife of O. L. Jemison, filed a statutory suit for the recovery of the land involved in the equitable cause, and for mesne profits, claiming title by prescription under the deed from Closse Smith, agent of Ella Trippe, to O. L. Jemison, and the homestead of O. L. Jemison taken for the benefit of plaintiff, and alleging that she was dispossessed of the property on April 19, 1916. Anderson as administrator of Ella Trippe an-

swered the suit, and relied upon a plea of former adjudication. On the matters appearing of record, and upon an agreed statement embracing all the foregoing facts, the trial judge, to whom the case was submitted without the intervention of a jury, entered a judgment sustaining the plea of res adjudicata, and dismissed the suit. *Held:*

1. The setting apart of a homestead under the constitution of this State does not alter or change the title to the property; it merely sets apart such property for a particular specified use, and to that extent imposes a charge or encumbrance upon the property. *Gresham* v. *Johnson*, 70 *Ga.* 631 (1); *Rutledge* v. *McFarland*, 75 *Ga.* 774 (1). When the husband's title to the land failed, the specified use to which it was set apart, and the trust or charge imposed thereon for the benefit of the wife, necessarily failed.

2. The plaintiff had no title to the land (her husband being still in life); and it is immaterial that the trial judge found for the defendant on his plea of res adjudicata.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 324.  NOVEMBER 17, 1917.

Complaint for land. Before Judge Wright. Floyd superior court. April 2, 1917.

*Maddox & Doyal,* for plaintiff.

*Harris & Harris,* for defendant.