## CLARK *et al. v.* KINNEY *et al.*

No. 9693. November 14, 1933.

*G. C. Oliver, J. C. Edwards,* and *H. E. Edwards,* for plaintiff.
*Bynum & Frankum,* for defendants.

GILBERT, J. G. W. Clark, as the head of a family, sought to enjoin J. J. and H. C. Kinney from trespassing on certain land alleged to belong to petitioner under and by virtue of a "statutory or short homestead" under the Civil Code (1910), § 3416. The petition alleges that the acts of trespass are continuing and are irrep-

arable. There was no demurrer to the petition; but the defendants answered, claiming the land under a security deed from G. W. Clark. The court granted a rule nisi and a temporary restraining order, and on the date set for a hearing both parties introduced evidence. At the conclusion the court set aside the restraining order, and refused to grant an interlocutory injunction. The plaintiffs excepted. On the argument of this case the defendants in error moved to dismiss the writ of error, on the ground that there was no bona fide effort to brief the documentary evidence.

■ The motion to dismiss the writ of error is denied.

■ The chief reliance of the defendants in error is that the description of the property contained in the homestead proceedings is too indefinite to amount to a valid homestead exemption. This contention, seemingly, is made upon the theory that the description of the homestead exemption is measured by the general rule applicable to conveyances of real estate. The general rule applicable to the sufficiency of the description in conveyances of land is not applicable in a case like the present. *McNair* v. *Fortner,* 149 *Ga.* 654, 659 (101 S. E. 772). A debtor, head of a family, obtaining a homestead exemption on land does not convey the same. On the contrary he is availing himself of a statute prohibiting its sale, except as provided by law, and denying the right of creditors to subject it to the debts of the debtor. *Jemison* v. *Anderson,* 147 *Ga.* 405 (94 S. E. 244), and cit.; *Crowley* v. *Freeman,* 9 *Ga. App.* 1, 4 (70 S. E. 349). The effect of the exemption is to fix the status of the property as subject only to uses of the beneficiaries. In order to obtain the benefit of such homestead the debtor, under the Code, is merely required to "make out a schedule of the property claimed to be exempt, and return the same to the ordinary of the county, without making any application for homestead, and it shall not be necessary to publish the same in a gazette. The ordinary shall record the schedule in a book to be kept by him for that purpose." The head of the family, Clark, executed a security deed to J. J. and H. C. Kinney, conveying the property involved in this suit. On the trial that security deed was offered in evidence by the defendants, and upon it they based their right to cut the timber and wood, which the petitioner is endeavoring to enjoin. This case, in practically every detail of its facts, is like the facts in *McNair* v. *Fortner,* supra. The decision in that case settles the controlling

issues in this case. The description of the land set apart as a homestead in that case was as follows: "fifty acres of land, to wit: 21 acres of lot of land No. 72, 6 acres of lot No....., all in the 19th district, Grady County." The description of the land set apart in this case is as follows: "28 acres land, being part of lot No. 62 in the 12th land district, worth $200.00." The only difference is that in the *McNair* case the description located the land in the county where the homestead was set apart. In this case the description does not in itself locate the county where the land is situated. The description in this case gives the number of acres as 28. Documentary evidence was introduced by the petitioner, showing the conveyance to G. W. Clark of two tracts of land in Habersham County, together comprising 28 acres "more or less." The security deed of Clark to defendants described the same two tracts, 11 and 17 acres, and located in Habersham County. There was no evidence, other than the two deeds mentioned, tending to show how much land was owned by Clark. It is not shown that the land mentioned in the homestead constituted all of the land of Clark, nor is the contrary shown. In the *McNair* case the court said: "We may safely assume that the defendant, in claiming the 21 acres of lot 72 in the 19th district of Grady County, owned, or was in possession of, no more of that lot than he desired exempted; for if his financial condition was such as rendered it necessary for him to take advantage of an exemption, he in all likelihood would have applied for the exemption of as much land as the statute allowed, namely, fifty acres." By the same reasoning it must be assumed here that the 28 acres mentioned in the homestead proceedings was all of the land owned by Clark at the time the exemption was made.

In the *McNair* case the court held that "the record of the exemption, together with the other circumstances in evidence, was sufficient to excite the attention of the grantee in the security deed, and to put him on inquiry" as to which land had been conveyed to the defendant, and "that therefore he had constructive notice that the land he was taking a conveyance to had been exempted, and consequently he did not stand in the position of a bona fide purchaser without notice." And it may be said in this case, as was said in that case, that though the head of the family who obtained the homestead and who executed a security deed on the same land

"may have represented to McNair [the creditor], at the time the security deed was executed, that there were no incumbrances on the land, this could not operate as an estoppel upon the beneficiaries of the exemption, or preclude him from setting up their right to the exemption in his character as head of the family." It may be said here that the same constructive notice and duty of making inquiry would also perhaps have led to a discovery of either the fact that Clark had other land beside the 28 acres exempted, or, on the contrary, that the 28 acres was all of the land owned by Clark. Similarly, the record of the two deeds conveying the two tracts of land to Clark, together with the homestead exemption record, was constructive notice that the land exempted was situate in Habersham County. For a fuller discussion of the principle involved reference is made to the opinion in *McNair* v. *Fortner,* supra. See also *Powell* v. *Powell,* 159 *Ga.* 837 (127 S. E. 117). The matter of the plat of the homestead land, as provided in the Civil Code (1910), § 3418, does not arise in this case, because such plat is not required unless the quantity of land owned is more than that exempted. *Pritchard* v. *Ward,* 64 *Ga.* 446.

From what has been said it necessarily follows that the court erred in refusing an interlocutory injunction.

*Judgment reversed. All the Justices concur.*