### BENTLEY *v.* STILL.

No. 15047.   January 5, 1945.

*George W. Westmoreland,* for plaintiff.

*Roberts & Roberts,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) The homestead in the 137 acres, set apart in 1914 to J. R. Bentley for the benefit of his wife and children, came to an end at the death of his wife in 1935, at which time all of his children had attained their majority. The property then became disencumbered of the charge imposed upon it. *Gresham* v. *Johnson,* 70 *Ga.* 631; *Rutledge* v. *McFarland,* 75 *Ga.* 774; *McDuffie* v. *Irvine,* 91 *Ga.* 748, 750 (17 S. E. 1028); *Crowley* v. *Freeman,* 9 *Ga. App.* 1 (2) (70 S. E. 349).

The title of J. R. Bentley Jr., the plaintiff in error, is predicated upon a deed from his father, J. R. Bentley, executed January 20, 1944. The record shows that during the years 1939 and 1940, after the termination of the homestead, the petitioner and the defendant were parties or privies in estate in the cases of J. R. Bentley against D. D. Still and vice versa, in which each claimed title to the land in question, and on January 11, 1941, they settled the issues growing out of these cases by entering into an agreement, as shown in the statement of facts, which by consent was made a decree of the court. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code, § 110-501. It is urged, however, that the consent decree was void for want of any description or for want of any words to furnish a key to any description of the lands so the decree could be enforced by the court. Judgments and decrees must be construed in reference to the pleadings. *Stanfield* v. *Downing Co.*, 186 *Ga.* 568 (199 S. E. 113). The pleadings on which the consent decree is based are in the record. When the pleadings are examined, it is seen that J. R. Bentley was seeking to recover from D. D. Still the identical land which had been set apart as a homestead. A copy of the homestead proceedings, attached as an exhibit, gave a complete description of the property. When the consent judgment is construed with reference to the pleadings, all doubt as to description is removed. The consent judgment, in effect, defined the interests of the parties as follows: The title to the land involved was decreed to be in D. D. Still subject to a life-estate in J. R. Bentley to certain portions of the land, with one or two other specified features added. The effect of this was to adjudicate that, subject to the life-estate in favor of J. R. Bentley in a portion of the land, the title was in D. D. Still. It follows that the trial judge did not err in denying the relief sought in the instant case, because the same issues were adjudicated in the consent decree. This disposes of the case adversely to the plaintiff in error, who subsequently purchased the land from J. R. Bentley. *Judgment affirmed. All the Justices concur.*