Doe *vs.* Roe.

---

## DOE *vs.* ROE.

An order granting leave to sell the land of a testator, granted by the Court of Ordinary upon the application of the administrator with the will annexed, is valid, whether passed on legal reason or without reason; and a sale under it passes the title of the testator.

Ejectment, from Dougherty county. Tried before Judge ALLEN, June Term, 1859.

The heirs of John Sikes, deceased, being legatees under his will, brought their action of ejectment against the defendant in error, to recover a certain lot of land.

On the trial, it appeared in evidence, that John Sikes, when in life, had devised all his real and personal property, (except certain negroes) to his wife, Winney D. A. Sikes, which he desired should be kept together and managed by her as her judgment might dictate; and that she should divide the same equally between herself and the children, to be given off to the latter as they should come of age or marry. She was appointed sole executrix. Mrs. Sikes died.

after the probate of the will; and thereafter Benjamin M. Griffin, having been appointed administrator *de bonis non* with the will annexed, applied for, and obtained leave to sell all the real estate of said John Sikes, deceased—no special reason being assigned therefor.    When the order granting this leave to sell was offered in evidence by defendant, counsel for plaintiff objected thereto, on the ground that it was not properly granted.

The Court overruled the objection, and plaintiff excepted.

Objection was made, also to the order granting letters of administration to said Griffin, on the ground of irrelevancy, which was also overruled.

Griffin, as administrator, afterwards duly sold the premises in dispute, in pursuance of the said order of the Court of Ordinary, to one Green Tinsley.

After the evidence closed, counsel for plaintiff requested the Court to charge the jury, " that the order granting leave to the said Benjamin, as administrator aforesaid, to sell said land, and the said deed so made by said administrator, did not take the title to said land out of the plaintiff," which charge the Court refused to give, and the plaintiffs excepted.

There was a verdict for defendant.

SLAUGHTER, for plaintiffs in error.

CLARK, *contra*

*By the Court.*—STEPHENS, J., delivering the opinion.

The validity of the outstanding title which was set up by this defendant in ejectment, depends upon the validity of the order to sell, and the validity of the order to sell depends upon the power of the Court of Ordinary, to pass it without a legal reason appearing for its passage.    Undoubtedly, the Court ought not to have passed it without a legal reason, but the question is, had it the legal power to do it?    Whether the Court of Ordinary be called a Court of general, or a Court of limited jurisdiction, is very immaterial; for in granting this order, it had the two requisites which give legal power to any Court, and without which the action of no Court has validity—it had jurisdiction over the subject matter, and it had a *case legally brought before it*, calling for the

Doe *vs.* Roe.

exercise of that jurisdiction. No Court has power to act without both these, and any Court has power to act with them. The Superior Court has jurisdiction over the general subject of crimes, and over the general subject of titles to land, but it has no power to order a man to be hung, nor to order one man to be turned out of possession of land and another put in, without first having a case brought before it in the manner prescribed by law. Without this, its judgment is a nullity, and everybody may treat it as such. But with jurisdiction over the subject matter, and with a case legally inaugurated invoking the exercise of that jurisdiction, any judgment which it may render within the scope of the case, is valid, whether rendered properly or improperly. Every Court must follow the law in getting possession of a case over whose subject matter it has jurisdiction, but after that, whether it proceeds according to law or against law, its judgment will be valid until reversed, if it is within the scope of the case, that is to say, if it be such a judgment as could be properly rendered in any case of that class. Now the Court of Ordinary has jurisdiction over the subject of orders to sell the land of testate and intestate estates; indeed the statute says over "all such matters and things as appertain or relate to estates of deceased persons, whether testate or intestate." The legal mode of bringing a case under that head before it, is by application of the administrator for leave to sell. There was such an application in this case. After that, the case was in possession of the Court, and its order granting the leave being appropriate to that class of cases, is valid, whether it was passed on good reason, or without reason, or against reason, and the sale under it passed the title of the testator.

Judgment affirmed.