WILLIAM D. PIERCE *et al.*, plaintiffs in error, *vs.* W. K. DEGRAFFENRIED, defendant in error.

Where one, who was not, in fact, the head of a family, applied for a homestead as such, under the Act of 1868, and the same was laid off to him, and being in possession thereof, it was levied upon to satisfy a *fi. fa.* against him, and he dying, the homestead was claimed by his heirs-at-law:

*Held,* That on the trial, it was not error in the Court to reject the ex-

emplification from the Ordinary, laying off the homestead, the claim-ants not pretending that they claimed under the family.

In a claim case where the defendant in *fi. fa.* is in possession at the date of the levy, the claimant cannot defeat the plaintiff in *fi. fa.*, by showing title in a third person not a party to the record.

Claim. Homestead. Before Judge COLE. Houston Superior Court. December Term, 1870.

DeGraffenried's *fi. fa.* was levied on certain land as the property of Arthur Watson. Pierce *et al.* claimed the land. The *fi. fa.* was read in evidence, and it was shown that Arthur Watson lived on the premises at the date of the levy, and died there; he was a bachelor with no family except hired servants.

Claimants showed that certain bastards had been sworn to Watson, but that he did not recognize them as his. And they offered to show that he had had this land set apart as his homestead. But claimants not pretending that they claimed under this homestead, or were part of Watson's family, the Court rejected the evidence. The property was found subject. Error is assigned upon the rejection of said evidence.

WARREN & GRICE, for plaintiffs in error.

POE, HALL & POE, for defendant.

McCAY, Judge.

This was a claim case under our statute. It was in proof that the *defendant* in execution was *in possession* at the date of the levy. The burden, therefore, of showing *title* in the *claimant* was *upon* the claimant: Code, section 386. The claimant is required to make oath to the property: Code, section 3675. The form of the oath being in use is, that "the property levied on is not the property of the defendant, but is the property of the claimant." And that is the issue in every claim case under a levy of an execution from an

ordinary judgment: See *Forsyth vs. Marberry*, R. M. Charlton, 324; *Robison vs. Schley & Cooper*, 6th Georgia, 515; *Beers et al. vs. Darwin's executors*, 8th Georgia, 556.   In all these cases it is held in accordance with what we have stated to be the issue, that the claimant must prove title in himself, and that he cannot defeat the plaintiff in *fi. fa.* by showing an outstanding title in third persons.   Here the claimants do not pretend to claim title under the wife or children of the defendant, and the record from the Ordinary could only show a title in them.   That title it is for them to enforce and insist upon, and not strangers.   We see, therefore, no error in the ruling of the Court excluding the record laying off a homestead.   Had the claimants stated that they expected to connect themselves with this record, to show that, under it, they had acquired title, it would be admissible. But, so far as appears, they do not claim under it.   They are not the heirs of the wife and children, nor are they, so far as appears, in any way connected with them.   It is a simple attempt to defeat the plaintiff's levy by showing title in an outside claimant, not in the record, as a party.   We therefore affirm the judgment in this case, since if the record from the Ordinary was properly excluded, the plaintiff in *fi. fa.* was clearly entitled to a verdict.   He had proven the defendant in possession at the date of the levy, and there was nothing to rebut this *prima facie* right.   We do not go into the other questions made, as in the view we have taken of the case, they are immaterial.

Judgment affirmed.