JAMES T. HENDERSON, plaintiff in error, *vs.* JOHN W. HILL, defendant in error.

A purchaser who does not show possession of real estate for four years, will not be protected against the lien of the judgment because the judgment creditor did not levy upon personal property of the debtor, though notified to do so by the purchaser, and the personal property was thereby removed from the state.

Vendor and purchaser. Judgments. Liens. Before Judge UNDERWOOD. Paulding Superior Court. February Term, 1877.

Reported in the opinion.

DAVID IRWIN; N. N. BEALL; T. B. IRWIN, by brief, for plaintiff in error.

JOHN O. GARTRELL, by W. S. THOMSON, for defendant.

JACKSON, Judge.

This was a claim case. The jury found the property subject; a motion for a new trial was made, it was overruled, and the claimant excepted.

The facts are, that the claimant proposed to prove that he bought the land after judgment, and that plaintiff neglected to issue execution until sometime after judgment, though he notified him that defendant was moving his personal property beyond the state, or selling it out with a view to remove, and thus suffered the personalty to be lost to the judgment and damaged claimant, who had bought for value.

The court ruled out the evidence, saying that claimant's remedy was to have paid off the judgment himself and stopped the personalty.

We think that the court was right. There is no proof when claimant went into possession of the land nor how long he held possession.

The plaintiff did not lose his lien on the land by failing to levy on the personalty, especially as there is no proof of four years' possession by the claimant. This case differs from 42 *Ga.*, 259.

Judgment affirmed.