## POLLARD *vs.* KING.

[Warner, Chief Justice, being engaged in the senate as presiding officer upon an impeachment trial, did not sit in this case.]

After a claimant and the plaintff in *fi. fa* have litigated through a regular claim case, and the property has been found subject, a court of equity will not enjoin a sale under the levy because the plaintiff's judgment against the defendant in *fi.fa.* was not signed by the plaintiff or his counsel.    Such a defect is a mere irregularity, and does not render the judgment void ; but if it did, the claimant ought to have made the question in the claim case, and is now too late.

Injunction.   Judgments.   Claim.   Before Judge CRAW-FORD.  Chattahoochee County.  At Chambers.  July 3, 1879.

John Pollard filed his bill against Henry King, making substantially the case set out in the head-note.   He held under a purchase from Leroy Pollard, against whom the judgment was obtained in favor of King.   The injunction prayed for was refused and complainant excepted.

C. J. THORNTON ; J. F. POU, for plaintiff in error.

H. BUSSEY ; PEABODY & BRANNON, for defendant.

BLECKLEY, Justice.

There was a levy under a *fi. fa.* which purported to be founded upon a judgment of the superior court.    A claim

was interposed to the property. The claim case was tried, and a verdict was rendered finding the property subject. Before a sale was effected in pursuance of this finding, the claimant filed the present bill to open and re-examine the matter, and prayed an injunction to arrest the sale. The injunction was denied.

The point of the bill is, that the original judgment on which the *fi. fa.* issued was not signed by the plaintiff or his counsel. We have already decided that the omission to sign did not render the judgment void, and was curable by amendment. *Pollard vs. King*, 62 *Ga.*, 103. But were the judgment utterly void, it must be treated as valid so far as the claimant is concerned. He has had his day in court, and there has been a final adjudication that the property is subject to the *fi. fa.* That adjudication necessarily involves the proposition that the *fi. fa.* was founded upon a valid judgment which had a lien upon the property. That the claimant did not know of the defect in the judgment until after his case was tried and lost, makes no difference, for he might and ought to have known of it. The bill renders no excuse for his ignorance, only that he presumed the officers did their duty, and that everything was regular and legal. To stand upon this presumption in one trial, and then claim a d obtain another trial in order to prove that it was at variance with the actual fact in the particular instance, would be to protract litigation unduly and unnecessarily. When a *fi. fa.* purports to rest upon a judgment, whoever resists a sale under the *fi. fa.* ought to look at the judgment. The *fi. fa.* is but an arm; the judgment is the body out of which it grows, and to which it is attached.

Judgment affirmed.