HENDERSON *vs*. HILL.

After a claimant has litigated through a· claim case and the property has been found subject, and a judgment of affirmance has been rendered by the supreme court, he is concluded as to the validity and binding force of the original judgment between the creditor and the debtor, on which the levy rested, and will not be heard to question the same by motion or otherwise.

Claim. Judgment. Before Judge LESTER. Paulding Superior Court. August. Adjourned Term, 1878.

Henderson, a purchaser of property from Roberts, against whom Hill held a judgment, moved to set aside the same upon the following grounds:

1. Because there was no verdict of a jury upon which to enter up any legal judgment for the plaintiff, a plea having been regularly filed at the March term, 1868, the appearance term.

2. Because there was no judgment rendered by the court as required by the constitution and laws of Georgia.

He also moved to set aside the verdict and judgment

finding the property subject in a claim case arising upon a levy of Hill's execution against Roberts upon the property purchased by him, and in which he was the claimant. This motion was based upon the following grounds:

1. Because the judgment upon which the plaintiff's execution issued was dormant and void, and was so before the levy was made.

2. Because a sale under said execution would not divest the title of the defendant.

Hill resisted these motions upon the following grounds:

1. Because the said verdict and judgment having been regularly rendered on the trial of the claim case on April 17th, 1876, and having been on February 7th, 1877, on claimant's motion for a new trial, sustained, which judgment was affirmed in the supreme court, and such affirmance made the judgment of this court, they cannot again be reviewed and inquired into.

2. Because on the trial of said claim on April 17th, 1876, said execution of plaintiff against Roberts, issued on February 14th, 1874, from a judgment rendered on February 3d, 1869, and levied on February 24th, 1874, upon the land claimed, was tendered to claimant's counsel, and was admitted in evidence without objection; hence said trial having resulted in a verdict and judgment finding the property subject, and the same having been sustained by this court, and affirmed in the supreme court, claimant cannot object to said *fi. fa.* on account of the clerical omission of the clerk to insert therein the day and term of the court when said judgment was rendered, and any other irregularity then patent on said *fi. fa.*

3. Because the judgment against Roberts is not dormant and void, and was not when the levy was made. Judgment was regularly rendered under an order of court on February 3d, 1869, the defendant having filed no issuable defense on oath, the suit being on a promissory note. Here follows a recital substantially as stated in the preceding ground.

The remaining grounds are covered by the above.

Evidence was introduced sustaining the facts as stated in the answer filed by Hill. The motions were overruled, and Henderson excepted.

Irwin, McClatchy & Irwin, for plaintiff in error.

J. O. Gartrell; Dabney & Fouche, for defendant.

Bleckley, Justice.

The claim case was finally disposed of by a judgment of affirmance in this court. The case is reported in 59 *Ga.*, 595. To say nothing of the other obstacles to the success of the motion afterwards made to set aside the judgment in favor of Hill against Roberts, the motion came altogether too late; for Henderson, the movant, had litigated with Hill through the claim case, and that very judgment was at the bottom of the levy which that case involved. Whatever cause against its validity could now be shown, ought to have been shown then. 63 *Ga.*, 224.

The motion made to set aside the verdict and judgment finding the property subject, that is, the verdict and judgment in the claim case, is beset with the same difficulty. If indeed the plaintiff's judgment against Roberts was dormant and void when the levy was made, the time to urge it was when the claim case was upon trial. The finding of the property subject, and adjudging that the *fi. fa.* proceed, amounted to an adjudication that there was a living judgment, and that the property must be sold to satisfy it.

Judgment affirmed.