7484.　WISENBAKER *v.* WEST YELLOW PINE COMPANY.

A member of a partnership interposing a statutory claim to the levy of an execution will not, after the claim has been adjudicated against the partnership, be heard to attack the execution for any defect in the original suit, as he is concluded as to all defenses made, or which could have been made, when he had "his day in court" on the trial of the claim case.

DECIDED SEPTEMBER 21, 1916.

Affidavit of illegality; from city court of Valdosta—Judge Cranford. April 24, 1916.

*James M. Johnson,* for plaintiff in error.

*Woodward & Smith,* contra.

HODGES, J.  Wisenbaker filed an affidavit of illegality to a fi. fa., upon the grounds, that the petition which was the basis of the judgment on which the execution issued had never been filed in the clerk's office; that process had never been issued; and that he, without knowing this, appeared in court and answered the case, and afterwards struck his answer.  He contended that such appearance did not waive any of his rights; that he did not have his "day in court," and that the levy of the execution was made before the fi. fa. issued.  The plaintiff, answering, said that after the levy of the fi. fa. the defendant, as a member of a partnership, filed a claim to the property levied on, and that a judgment was rendered finding the property subject, and that he was concluded by that judgment and estopped from attacking the execution upon the grounds set forth.  On the trial of the issue raised by the affidavit of illegality it appeared that the original petition was in fact lodged in the clerk's office by counsel, with the request that it be filed; and an entry of filing was made on the petition, though not signed by the clerk.  No process was issued.  The petition was personally served, and the defendant appeared and filed his answer, which he subsequently dismissed, raising no question as to these irregularities.  Judgment was rendered against him, and, the fi. fa. being levied, a partnership of which he was a member filed a claim to the property.  The trial of the claim case resulted in a verdict finding the property subject to the execution; a motion for a new trial was made and overruled; the partnership excepted, and the judgment overruling the motion for a new trial was affirmed by this court. *Wisenbaker* v. *West Yellow Pine Co.,* 16 *Ga. App.* 699 (86 S. E. 46).

1. This attack upon the fi. fa. could have been made upon the trial of the claim filed by the firm of which the defendant was a member, and he is now estopped from setting up any defense made on that trial, or which could have been made by him as a party to the case. "The issue in a claim case comprehends all attacks which the claimant could make on the validity of the fi. fa. After a claimant has litigated through a claim case and the property has been found subject, and a judgment of affirmance has been rendered by the Supreme Court, a court of equity will not enjoin a sale under the levy upon any ground which the claimant might have urged in the claim case, tending to show the invalidity or discharge of the judgment." *Hollinshead* v. *Woodard,* 128 *Ga.* 7 (57 S. E. 79). See also *McLendon* v. *Shumate,* 128 *Ga.* 526 (57 S. E. 886).

2. No error was committed on the trial.

*Judgment affirmed.*